**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **SHIMKO & PISCITELLI,** *et al.,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **2:05-cv-01387 JWS** |
| | ) | |
| **vs.** | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | **[Re: Motions at Docket** |
| **PAUL WOODCOCK,** *et al.,* | ) | **Nos. 31, 32, and 34]** |
| | ) | |
| **Defendants.** | ) | |

## I.  MOTION PAPERS

At docket 28, plaintiffs Shimko & Piscitelli and Timothy Shimko move for partial summary judgment on their claims for breach of contract and action on an account pursuant to Federal Rule of Civil Procedure 56(a).  At docket 29, defendants Paul and Bobbi Woodcock oppose the motion and countermove for summary judgment in their favor on all of plaintiffs' claims.  At docket 31, counsel Richard McDaniel gives notice of his reappearance on behalf of defendants, moves to extend the deadline for filing dispositive motions, and moves to strike plaintiffs' motion for summary judgment on the grounds that plaintiffs failed to file a separate statement of facts.  At docket 32, plaintiffs move to strike the notice of appearance of counsel filed on behalf of defendants.  At

docket 33, plaintiffs oppose defendants' motion to extend the deadline for filing

dispositive motions.  At docket 34, plaintiffs move to strike defendants' response to

plaintiffs' motion for summary judgment and defendants' countermotion for summary

judgment as untimely.  At docket 35, plaintiffs oppose defendants' motion to strike

plaintiffs' motion for summary judgment or, in the alternative, move for leave to file their

separate statement of facts *instanter*.  At docket 38, defendants reply in support of their

motion to extend the dispositive motion deadline and respond to plaintiffs' motion to

strike defendants' response to plaintiffs' motion for summary judgment.

This order decides the motions at dockets 31, 32, and 34.

## II.  BACKGROUND

This matter arises out of a dispute between a law firm and its former clients

concerning the payment of attorney's fees.  Timothy Shimko is an attorney who

maintains his "sole place of business in the State of Ohio under the name Shimko &

Piscitelli."[1]  In October 2001, Shimko was retained to represent CORF Licensing

Services, L.L.C. ("CORF"), CORF Licensing Services, L.P. ("CLS"), and CORF

Management Services, L.P. ("CMS"), as well as various individual principals in these

entities, against actions filed by investors who "believed they had been defrauded."[2]

Shimko avers that at a meeting in November 2001, Woodcock, Guenther, Ross, and

[1]Affidavit of Timothy Shimko at 1, exh. 1, doc. 28.

[2]Order at 1, exh. 2, doc. 28.

Goldfarb asked Shimko "to represent each of them and their wives personally in litigation across the country,"[3] and that Shimko agreed to do so.

Per agreement of the parties, Shimko billed all of the above clients at the rate of $350 per hour and sent invoices to CMS on a weekly basis.   The CORF entities and their principals became delinquent on their payments to Shimko in October 2002.  On April 29, 2003, Shimko terminated its representation of the above clients.  A statement dated April 23, 2003, indicates that the CORF entities and their principals owe Shimko $354,949 in unpaid legal fees, exclusive of interest.

On October 7, 2003, Shimko filed suit against CORF, CLS, CMS, Paul and Bobbi Woodcock, Milton and Kathi Guenther, David and Rhona Goldfarb, Richard and Marcia Ross, and Joel and Laurie Brill seeking the unpaid balance of its bill.[4]  The claims against defendants Goldfarb, Ross, and Brill were dismissed on summary judgment. The claims against defendants Woodcock were dismissed without prejudice after the Woodcocks filed for bankruptcy.  After a bench trial, Judge Martone entered judgment against defendants Guenther and in favor of Shimko in the amount of $359,668.  Judge Martone found "in favor of Shimko and against Guenther on the action on the account for the reason that Guenther acted like a general partner," and found "in favor of Shimko and against Guenther in contract because Guenther agreed to be represented by Shimko in the scores of actions filed against him."[5]  Because Guenther acted like a

---

[3]Affidavit of Timothy Shimko at 5, exh. 1, doc. 28.

[4]Doc. 1 in *Shimko, et al. v. Woodcock, et al.*, 2:04-cv-00078 FJM.

[5]Order at 3, exh. 2, doc. 28.

general partner, the court found him "responsible for the contracted amount for the

CORF entities" and ruled that "[a]ny claims the Guenthers might have for contribution

would have to [be] raised elsewhere."[6]  The judgment is currently on appeal to the Ninth

Circuit.

The Woodcock's bankruptcy case was subsequently dismissed by the

bankruptcy court.  On May 11, 2005, plaintiffs Shimko & Piscitelli and Timothy Shimko

filed a complaint against defendants Paul and Bobbi Woodcock, alleging claims for

"action on an account, breach of contract, passing bad checks (violations of Arizona

U.C.C.), quantum meruit, fraud, and bankruptcy fraud."[7]

On July 7, 2006, the court held a scheduling conference in this matter pursuant

to Federal Rule of Civil Procedure 16.  In the scheduling conference, the court set

November 20, 2006, as the dispositive motion deadline.  Attorney Richard McDaniel

represented defendants Woodcock at the Rule 16 scheduling conference.

On August 31, 2006, attorney Richard McDaniel moved to withdraw as counsel

for defendants Woodcock on the grounds that "[d]efendants have been unable to pay

legal fees for the last several months and are unable to pay for further legal

representation."[8]  In his motion to withdraw, McDaniel indicated that he advised

defendants Woodcock to consult with bankruptcy counsel, and to abide by the Federal

Rules of Civil Procedure, the discovery schedule, and any other orders issued by the

---

[6]*Id.* at 4.

[7]Complaint at 1, doc. 1.

[8]Doc. 22 at 1.

court.  By order dated September 6, 2006, the court granted McDaniel's motion to withdraw as counsel for defendants Woodcock.[9]  The court's order stated that "[u]nless and until defendants obtain new counsel, each of them is proceeding *pro se.*"

On September 12, 2006, the court entered a scheduling and planning order pursuant to Rule 16(b), affirming the dates established in the July 2006 scheduling conference, including the dispositive motion deadline of November 20, 2006.  On November 9, 2006, plaintiffs filed a motion for partial summary judgment.

On December 12, 2006, attorney McDaniel filed a notice of reappearance on behalf of defendants Woodcock, a motion to extend the dispositive motion deadline, a motion to strike plaintiffs' motion for summary judgment, defendants' response to plaintiffs' motion for summary judgment, and defendants' countermotion for summary judgment.  On December 18, 2006, plaintiffs filed a motion to strike McDaniel's notice of reappearance, a motion to strike defendants' response to plaintiffs' motion for summary judgment and defendants' countermotion for summary judgment, and a response in opposition to defendants' motion to strike plaintiffs' motion for summary judgment, or in the alternative, plaintiffs' motion for leave to file a separate statement of facts.  This court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

### III.  DISCUSSION

**Defendants' Motion to Extend Dispositive Motion Deadline**

At docket 31, defendants Woodcock move to extend the deadline for filing dispositive motions until December 12, 2006, on the grounds that they were unable to

---

[9]Doc. 25.

file a countermotion without the assistance of counsel and they "were not able to retain counsel until last week."[10]  Defendants suggest that they could not "re-retain" counsel earlier because they were unable to bear the costs of defending both this case and "a complex fraud litigation involving three dozen plaintiffs in the Arizona Superior Court," which recently ended in a stipulated judgment.[11]  Plaintiffs "oppose an extension of the dispositive motion deadline to accommodate the reappearance of Attorney McDaniel," whom plaintiffs contend has repeatedly withdrawn and reappeared in this and the prior related action.

Pursuant to Rule 16(b), a scheduling order entered by the court "shall not be modified except upon a showing of good cause and by leave of the district judge." Defendants filed their request to extend the dispositive deadline on December 12, 2006, twenty-two days after the deadline had passed.  The only grounds asserted by defendants for extending the dispositive deadline is that they were unable to file a countermotion without the assistance of counsel, and they were unable to retain counsel earlier because of the costs of defending another case.  Defendants further argue that "no trial date has been set and the parties and the court will benefit if the matter can be resolved on summary judgment."[12]

In its order granting McDaniel's motion to withdraw as counsel for defendants Woodcock, the court advised defendants that they were each proceeding *pro se* unless

---

[10]Doc. 31 at 2.

[11]Doc. 31 at 1.

[12]Doc. 31 at 2.

and until they obtained new counsel.  Furthermore, in his motion to withdraw, McDaniel indicated that he advised defendants Woodcock to abide by the Federal Rules of Civil Procedure, the discovery schedule, and any other orders issued by the court, which includes the Rule 16 scheduling order.

Based on the above, defendants have not demonstrated diligence in complying with the dates set by the court in the scheduling order, and have not demonstrated good cause for modifying the scheduling order as required by Rule 16(b).        Accordingly, the court will deny defendants' motion to extend the dispositive motion deadline.

**Defendants' Motion to Strike Plaintiffs' Summary Judgment Motion**

At docket 31, defendants Woodcock also move to strike plaintiffs' summary judgment motion on the grounds that plaintiffs failed to file a separate statement of facts with individually numbered paragraphs.  Plaintiffs oppose the motion on the grounds that Timothy Shimko's affidavit, which was filed with plaintiffs' motion for summary judgment, "meets the spirit of the local and federal rules requiring a statement of facts with numbered paragraphs."[13]  In the alternative, plaintiffs request leave to file an attached statement of facts *instanter*.

District of Arizona Local Rule 56.1(a) requires that a party filing a motion for summary judgment must set forth separately from the memorandum of law, and in full, the specific facts on which that party relies in support of the motion.

The court has reviewed Shimko's affidavit and finds that the numbered paragraphs set forth the facts of this case in a serial fashion, thereby meeting the spirit

---

[13]Doc. 35 at 2.

of the local rules.   The court further notes that in the prior related case, plaintiffs similarly filed a motion for summary judgment with an affidavit with numbered paragraphs instead of a separate statement of facts, and that Judge Martone denied defendant's motion to strike plaintiffs' motion for summary judgment on that basis.

Because the affidavit filed with plaintiffs' motion for summary judgment meets the spirit of District of Arizona Local Rule 56.1(a) and in the interests of resolving this matter on the merits rather than on technicalities, the court will deny defendants' motion to strike plaintiffs' motion for summary judgment.

**Plaintiffs' Motion to Strike Notice of Appearance as Counsel for Defendants**

At docket 32, plaintiffs move to strike Richard McDaniel's notice of appearance as counsel on behalf of defendants Woodcock, on the grounds that McDaniel "has repeatedly withdrawn and then reappeared in this action [and in the prior action] in a game of cat-and-mouse to get his bill paid."[14]   Plaintiffs further argue that McDaniel's "recent attempt to reappear in this case has prejudiced the Plaintiffs because he seeks to have the dispositive motion deadline amended and extended, which will delay this case."[15]   In the alternative, plaintiffs request the court to order McDaniel "to remain as counsel of record throughout these proceedings notwithstanding where his billing ledger stands with his clients."[16]   Defendants argue that contrary to plaintiffs' suggestion that defendants "are playing games by re-hiring counsel, Defendants have struggled to

---

[14]Doc. 32 at 1.

[15]Doc. 32 at 2.

[16]*Id.*

survive through several years of litigation and the loss of their home and all major assets."[17]

Because plaintiffs will not be prejudiced by McDaniel's reappearance on behalf of defendants and defendants are entitled to retain counsel when they are able, the court will deny plaintiffs' motion to strike McDaniel's notice of appearance on behalf of defendants Woodcock.

**Plaintiffs' Motion to Strike Defendants' Opposition and Countermotion**

At docket 34, plaintiffs move to strike both defendants' response to plaintiffs' motion for summary judgment and defendants' countermotion for summary judgment. Plaintiffs filed their motion for summary judgment on November 9, 2006.  Pursuant to District of Arizona Local Rule 56.1(b), defendants had thirty days after service within which to file a response.  Accordingly, defendants' response was due on December 11, 2006.  Defendants filed their response on December 12, 2006, one day after their response was due.  In light of the fact that defendants filed their opposition only one day late and in the interests of deciding the motion on the merits, the court will deny plaintiffs' motion to strike defendants' response to plaintiffs' motion, and shall give plaintiffs ten days from the date of this order to file a reply brief.

In a scheduling conference held in July 2006, the court set November 20, 2006, as the dispositive motion deadline in this matter.  Defendants filed their motion to extend the dispositive motion deadline and their countermotion for summary judgment on December 12, 2006, twenty-two days after the dispositive motion deadline had passed.

---

[17]Doc. 38 at 1-2.

Because defendants did not demonstrate diligence in complying with the dates set by the court in the scheduling order, nor demonstrate good cause for modifying the scheduling order as required by Rule 16(b), the court will grant plaintiffs' motion to strike defendants' countermotion for summary judgment.

### IV.  CONCLUSION

For the reasons set out above, defendants' motion at docket 31 to extend the deadline for filing dispositive motions is **DENIED**; defendants' request to strike plaintiffs' motion for summary judgment also included in defendants' motion at docket 31 is **DENIED**; plaintiffs' motion at docket 32 to strike the notice of appearance of counsel Richard McDaniel on behalf of defendants Woodcock is **DENIED**; plaintiffs' motion at docket 34 is **GRANTED** in part and **DENIED** in part as follows: the request to strike defendants' countermotion for summary judgment is **GRANTED** and the request to strike defendants' response to plaintiffs' motion for summary judgment is **DENIED**. Plaintiffs shall have ten days from the date of this order to file a reply to defendants' response in opposition to plaintiffs' motion for summary judgment.

DATED at Anchorage, Alaska, this 20th day of March 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE