**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy A. Shimko, Sr., Shimko & Piscitelli,<br><br>                    Plaintiffs,<br><br>vs.<br><br>David Goldfarb, Rhona Goldfarb, Richard Ross, Marcia Ross, Milton Guenther and Kathi Guenther,<br><br>                    Defendants. | CV-04-78-PHX-FJM<br>CV-05-1387-PHX-FJM<br>[Consolidated]<br><br><br><br>**ORDER** |
| Timothy A. Shimko, Sr., Shimko & Piscitelli,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Paul Woodcock and Bobbi Woodcock,<br><br>                    Defendants. | |

This matter was tried to the court without a jury. This order constitutes the court's findings of fact and conclusions of law under Rule 52(a), Fed. R. Civ. P.

**I**

Ross, Goldfarb, Woodcock, and Guenther ("individual defendants") and the CORF entities were in the business of promoting and selling licenses for comprehensive outpatient

1 rehabilitation facilities to investors. When the businesses failed, dozens of investors brought
2 claims against the CORF entities, the individual defendants, and Brill and Ritchie, officers
3 of the CORF entities. Shimko, an Ohio lawyer, was retained to defend the six individuals
4 and the CORF entities against these claims. When his legal bills went unpaid, however,
5 Shimko filed this action against the CORF entities and the six individuals and their wives,
6 alleging breach of contract, action on account, and unjust enrichment. Shimko eventually
7 reached a settlement with Brill and Ritchie, leaving Ross, Goldfarb, Woodcock, and
8 Guenther the remaining defendants.

9 The issues now before us are (1) whether an oral contract was formed by which the
10 individual defendants agreed to be personally liable for the payment of Shimko's legal bills;
11 (2) whether an action on open account is established; (3) if no oral contract existed, whether
12 Shimko is entitled to recover fees on an unjust enrichment theory; and (4) whether Shimko
13 violated his professional ethical obligations in the joint representation of multiple clients, and
14 whether any such violation affects Shimko's right to recover his fees and expenses.

**II**

16 Shimko acknowledges that there was no written agreement for the payment of his
17 legal services. Instead, he contends that an oral contract arose whereby the individual
18 defendants each agreed to be personally liable for the payment of all legal fees. Shimko has
19 the burden of establishing the existence of an oral contract, and in doing so he must prove
20 "each fact essential thereto, including the existence of mutual intention." Alexander v.
21 O'Neil, 77 Ariz. 91, 98, 267 P.2d 730, 734 (1954). "The determination of the parties' intent
22 must be based on objective evidence, not the hidden intent of the parties." Tabler v. Indus.
23 Comm'n of Arizona, 202 Ariz. 518, 521, 47 P.3d 1156, 1159 (Ct. App. 2002). In making
24 this determination, we may consider "surrounding circumstances and the conduct of the
25 parties." Id.

26 Shimko testified at trial that he was asked to defend the entities and the individuals
27 against investor claims. He advised the individual defendants that their exposure was
28 personal and he was asked to research how the individuals and their wives could hide their

- 2 -

1  personal assets. His evidence of an oral agreement is based solely on his own testimony that
2  he informed the individual defendants that he expected them "to be responsible for [his] bill,"
3  Tr. 39:16-17, and that they responded "we'll pay you," Tr. 39:13.

4  Other than Shimko's own testimony, there is no evidence that the individual
5  defendants agreed to be personally liable. All of the evidence at trial suggests otherwise.
6  There is no document evidencing the individual defendants' personal liability. All bills for
7  legal services were addressed and mailed to the CORF entities, not to the individual
8  defendants. All checks issued to pay Shimko's fees were drawn on CORF entities' business
9  accounts. Even when the legal bills went unpaid Shimko never sent the bills to the individual
10 defendants, or demanded payment from the defendants personally.

11 Shimko's testimony alone does not establish the existence of an oral agreement. His
12 testimony that the defendants collectively responded "we'll pay you," is insufficient to
13 establish a contract obligating each individual defendant to be personally liable for the
14 entirety of the bill. There was no testimony regarding who actually stated, "we'll pay you."
15 But even if the evidence showed that each defendant separately made the statement or
16 acquiesced in it, there is no evidence that the defendants were thereby intending to be
17 obligated jointly and severally for the entirety of the legal bills, whether incurred by the
18 CORF entities, Ritchie, Brill, or the other individual defendants. The record is simply devoid
19 of evidence establishing this material term.

20 More importantly, Shimko's testimony lacks credibility. Not only was his testimony
21 at trial evasive and misleading, but Shimko repeatedly misrepresented to this court and to the
22 Ninth Circuit the amount of fees to which he is entitled. He repeatedly and incorrectly
23 claimed that he is owed $359,668.00, despite his knowledge that this amount includes almost
24 $90,000 in overcharges for his law clerk, David Welling. His explanation that he admitted
25 that an over-billing occurred does not excuse the fact that on multiple occasions he continued
26 to misrepresent to the court the amount of his damages. We relied on Shimko's
27 misrepresentation most recently when we awarded damages in favor of Shimko against
28 Guenther (doc. 181). At no time did Shimko notify this court of the error. Not only are

1 Shimko's misrepresentations clear violations of his obligation of candor to the court, in
2 violation of Ethical Rule 3.3 of the Arizona Rules of Professional Conduct, Rule 42, Rules
3 of the Supreme Court of Arizona ("ER"), but they also serve to significantly undermine his
4 credibility at trial.

5 Finally, Shimko's contract claim is implausible in light of his testimony that he was
6 engaged to assist these defendants in avoiding personal liability. Shimko relied on the
7 partnership structure as a shield against his clients' personal liability, while subsequently
8 ignoring that structure when it suited his own purposes. Any reasonable lawyer in these
9 circumstances would have insisted on a written agreement expressly describing the nature
10 of his clients' personal obligations.

11 For all of these reasons, we conclude that Shimko has failed to establish that an oral
12 contract existed with any of the individual defendants. And for the same reasons, his claim
13 for action on account also fails. See Continental Cas. Co. v. Grabe Brick Co., 1 Ariz. App.
14 214, 217, 401 P.2d 168, 171 (Ct. App. 1965) (holding that liability on the account "must be
15 mutually agreed upon between the parties, or impliedly imposed upon them by law").

**III**

17 Shimko argues that even if no oral agreement existed, he is nevertheless entitled to
18 fees under an unjust enrichment theory. To prove unjust enrichment, Shimko has the burden
19 of establishing that he rendered services that benefitted the individual defendants, that the
20 defendants were unjustly enriched at his expense, and that the benefit was conferred under
21 circumstances that would render the defendants' retention of the benefit without payment
22 inequitable. Murdock-Bryant Const., Inc. v. Pearson, 146 Ariz. 48, 53, 703 P.2d 1197, 1202
23 (1985). We conclude that under the totality of the circumstances, Shimko is not entitled to
24 this equitable remedy.

25 First, we consider Shimko's violations of his ethical obligations under the Rules of
26 Professional Conduct in concluding that he does not come to this court with clean hands.
27 Shimko's violation of ER 3.3, as previously discussed, renders him undeserving of an
28

- 4 -

1 equitably remedy. In addition, however, Shimko violated his professional obligations in
2 representing the individual defendants.

3 Under ER 1.7(a)(2), a conflict of interest exists if "there is a significant risk that the
4 representation of one or more clients will be materially limited by the lawyer's
5 responsibilities to another client, a former client or a third person or by a personal interest
6 of the lawyer." If a conflict of interest exists, a lawyer may only proceed with the
7 representation if the clients give informed consent, confirmed in writing. ER 1.7(b)

8 The evidence at trial established that Shimko violated ER 1.7 by failing to disclose
9 the potential conflicts inherent in the joint representation of the four individual defendants
10 and by failing to obtain their written consent to the joint representation despite the potential
11 for conflict. Shimko was engaged in part to defend the four individual defendants against
12 allegations of fraud and misrepresentation, claims that necessarily arise from the independent
13 participation of each defendant. He understood that the defendants had varying degrees of
14 involvement and hence culpability in the sales scheme. In particular, Shimko knew that
15 Goldfarb had insisted that the CORF entities pay for endorsements, Tr. 56:2, and that
16 Goldfarb's continued improper conduct created an increased risk for the other defendants
17 (doc. 218 at 4). Notwithstanding this obvious potential conflict, Shimko failed to comply
18 with the requirements of ER 1.7. He failed to explain that his joint representation would
19 limit his ability to negotiate settlements for fewer than all of the joint defendants and failed
20 to explain the effect of disparate financial positions among the defendants. His testimony
21 that he did not believe that a conflict existed is unreasonable under the facts of this case.

22 Shimko also violated ER 1.8, which prohibits a lawyer from entering into a business
23 transaction with a client without first providing full disclosure and an opportunity to seek
24 advice from outside counsel, and then only with the client's written consent. Shimko made
25 a $250,000 loan without first notifying and obtaining the consent of all defendants. In fact,
26 he made the loan, which he considered a binding obligation on each individual defendant,
27 without ever discussing the loan with three of the four defendants. He also entered into a
28

1  business deal involving Aztec Medical with one or more of the individual defendants without
2  satisfying his obligations under ER 1.8.
3      We conclude that given Shimko's inequitable conduct toward the defendants and this
4  court, he is not entitled to equitable relief.[1]

## IV

In conclusion, we find that Shimko failed to establish an oral contract, action on account, or entitlement to equitable relief. Therefore, the clerk is instructed to vacate our previous order in favor of Shimko and against Guenther (doc. 181), and to enter final judgment in favor of Ross, Goldfarb, Woodcock, Guenther, and their spouses. Defendants' motions for judgment on partial findings (doc. 262, 263) are denied. Woodcock's motion to compel and for sanctions is denied as moot (doc. 227).

DATED this 16th day of September, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] Because we have found that no contract existed imposing individual liability for fees, we need not reach the question whether Shimko's violation of his ethical obligations to his clients compromised his representation sufficient to reduce or negate his contract claim for fees. See Restatement (Third) of the Law Governing Lawyers § 37 (2000).